IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| EASTON MCDONALD, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:10-cv-449 |
| LOUDOUN COUNTY BOARD OF SUPERVISORS, et al., | ) |
| Defendants. | ) |

MEMORANDUM OPINION

This matter comes before the Court on the Motion for Summary Judgment of Defendant Stephen O. Simpson, Sheriff of Loudoun County.

Plaintiff Easton McDonald is an African-American male employed by the Loudoun County Sheriff's Department. Plaintiff filed an Amended Complaint against Defendants Loudoun County Board of Supervisors, Sheriff Stephen O. Simpson in his individual and official capacity, and Robert S. Buckman in his individual and official capacity for violations of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e-2000e(17) (West 2003 & Supp. 2011) ("Title VII") and the Civil Rights Act of 1866, 42 U.S.C.A. § 1981 (West 2003). The Court previously dismissed all claims except those against Sheriff Simpson in his official capacity for

discrimination based on race in violation of Title VII, retaliation in violation of Title VII, and discriminatory discipline based on race in violation of Title VII.

In the Amended Complaint, Plaintiff alleges that he was subjected to baseless investigations, adverse treatment, and excessive discipline because of his race from approximately the summer of 2004 to 2009. Despite his high performance on the test for promotion to sergeant in 2004 and 2007, Plaintiff alleges that he was not selected for promotion because of his race. Plaintiff filed a charge of discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") on January 24, 2008 alleging that he was discriminated against based on race, color, national origin, retaliation, and age.[1] Plaintiff only sets forth one specific act of discrimination in the Charge, specifically his non-promotion in 2007. He received his right-to-sue letter from the EEOC on February 5, 2010, and he filed his original complaint on May 3, 2010. Plaintiff never amended his original Charge to include acts of discrimination that allegedly occurred after he filed the Charge.

The Court will grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact

---

[1] Plaintiff has produced no evidence in support of his national origin or age discrimination claims through discovery.

2

and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Rule 56 mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Court construes all reasonable inferences in favor of the non-moving party when determining whether there is a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The mere existence of some disputed facts does not merit a trial unless the disputed facts are material to an issue necessary for proper resolution of the case and the quality and quantity of the evidence offered to support a question of fact are adequate to support a jury verdict. Thompson Everett, Inc. v. Nat'l Cable Adver., LP, 57 F.3d 1317, 1323 (4th Cir. 1995).

Title VII prohibits an employer from discriminating against an individual with respect to compensation, terms, conditions, or privileges of employment because of such individual's race, color, or national origin. 42 U.S.C.A. § 2000e-2(a)(1). Before a plaintiff will have standing to bring a suit under Title VII, he or she must exhaust the administrative remedies by filing a charge of discrimination with the EEOC. See § 2000e-5(f)(1); Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009).

The EEOC charge defines the scope of a plaintiff's ability to file a civil suit. Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002). A plaintiff can only maintain "those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint" in a subsequent Title VII lawsuit. Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996).

Plaintiff checked the box alleging discrimination based on retaliation in his Charge, but he listed no facts in support of his retaliation claim. "If the factual foundation in the administrative charge is too vague to support a claim that is later presented in subsequent litigation, that claim will . . . be procedurally barred." Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005). Because Plaintiff did not lay a factual foundation in the Charge to support his claim of retaliation, Plaintiff's retaliation claim is barred.

Title VII sets forth two possible limitation periods during which an aggrieved party can file a charge with the EEOC. 42 U.S.C.A. § 2000e-5(e)(1). A plaintiff must file a charge within 300 days from the alleged unlawful employment practice when an individual has instituted discrimination proceedings in a state with an agency that can grant or seek relief from the alleged

4

discriminatory practice. § 2000e-5(e)(1). Virginia has such an agency, so a prospective plaintiff in Virginia has 300 days from the most recent act of discrimination to file a charge with the EEOC. Edelman v. Lynchburg Coll., 300 F.3d 400, 404 (4th Cir. 2002). A claim regarding discrete discriminatory acts that occurred outside of the 300 day statutory period is time barred. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 105 (2002).

Plaintiff filed his Charge on January 24, 2008, thus any alleged discriminatory act occurring more than 300 days before that date, or before March 30, 2007, is time barred. Plaintiff's Charge alleges that he suffered discrimination between June 14, 2007 and July 12, 2007 because he scored "highly qualified" on the March 2007 Sergeant's exam but did not receive a promotion to sergeant while other less qualified white individuals did. In the Amended Complaint, Plaintiff refers to other alleged instances of discrimination that occurred before March 30, 2007. All of the alleged instances of discrimination, including all factual allegations underlying Plaintiff's claim of discriminatory discipline based on race, occurred outside of the 300 day period for the filing of the Charge, except for the instances of non-promotion. Therefore, Plaintiff is barred from raising all alleged discrete discriminatory acts occurring before March 30, 2007 in the instant action. While Plaintiff

5

attempts to construe the alleged discriminatory events as a continuous pattern of discrimination, Plaintiff did not set forth a claim of hostile work environment in his Amended Complaint, nor did he allege a continuing action in his Charge.[2] See Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005) ("We have held that the allegation of a discrete act or acts in an administrative charge is insufficient when the plaintiff subsequently alleges a broader pattern of misconduct.").

The sole factual allegation underlying Plaintiff's race discrimination claim concerns Defendant Simpson's decision to not promote Plaintiff in June 2007. Plaintiff has not established a prima facie case for race discrimination based on the non-promotions. To establish a cause of action for failure to promote, Plaintiff must show (1) that he is a member of a protected class; (2) that he applied for the position at issue; (3) that he was qualified for the position; and (4) that he was rejected under circumstances that give rise to an inference of

---

[2] It appears to the Court that Plaintiff did not timely file its Opposition to Defendant's Motion for Summary Judgment. Consequently, the Court will not consider Plaintiff's Opposition Brief. See, e.g., De La Vega v. San Juan Star, Inc., 377 F.3d 111, 116 (1st Cir. 2004) (holding that the district court did not need to consider employee's untimely filed opposition brief when employer moved for summary judgment in discrimination case and district court could take as true facts asserted in the employer's motion so long as they were adequately supported by the record).

unlawful discrimination. McNairn v. Sullivan, 929 F.2d 974, 977 (4th Cir. 1991); see also Autry v. N.C. Dep't of Human Res., 820 F.2d 1384, 1386 (4th Cir. 1987) (emphasis omitted) ("[T]o establish a case of race discrimination, . . . [plaintiff] would have to show that she was not promoted because of her race, not that she was a member of the black race and was not promoted.").

The parties agree that Plaintiff is a member of a protected class who applied for the position at issue. They dispute whether Plaintiff was qualified for the position and whether the circumstances gave rise to an inference of unlawful discrimination. A frequent nondiscriminatory reason that employers cite for declining to promote an employee is the employer's judgment that the employee is not objectively qualified for the position by the employer's own standards. Anderson v. Westinghouse Savannah River Co., 406 F.3d 248, 269 (4th Cir. 2005). The decision maker's perception, rather than the self-assessment of the employee, is the relevant one. Evans v. Techs. Applications & Serv. Co., 80 F.3d 959, 960-61 (4th Cir. 1996). Plaintiff argues that he was qualified for the position because he ranked "highly qualified" on the March 2007 sergeant exam, but Defendant disagrees, citing Plaintiff's disciplinary history as evidence that he was not qualified for promotion at that time. Plaintiff's own "naked opinion, without

7

more, is not enough to establish a prima facie case of discrimination." Id. at 958 (quoting Goldberg v. B. Green & Co., 836 F.2d 848 (4th Cir. 1988)) (brackets omitted). The evidence reveals that Plaintiff had a significant disciplinary history when compared to the other individuals who received promotions. A deputy's disciplinary history and record are the most significant factors that Sheriff Simpson considers when determining promotions, thus Plaintiff was not objectively qualified for the promotion by the employer's standards.

If a plaintiff establishes a prima facie case of discrimination, the burden shifts to the employer to articulate a legitimate and non-discriminatory reason for the employee's rejection. McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Assuming arguendo that Plaintiff had established a prima facie case of racial discrimination, Defendant has articulated a legitimate, nondiscriminatory reason for the Plaintiff's non-promotion. Defendant Simpson has a legitimate business interest in promoting deputies to sergeants who are reliable and have minimal disciplinary records.

The Court assesses relative job qualifications based on the criteria that the employer establishes as relevant to the position in question. Heiko v. Colombo Savings Bank, F.S.B., 434 F.3d 249, 259 (4th Cir. 2006). The Fourth Circuit has

acknowledged that an employee's job performance is widely recognized as a valid, nondiscriminatory reason for any adverse employment decision. Evans, 80 F.3d at 960. "It is axiomatic that an employer is free to set its own performance standards, provided such standards are not a 'mask' for discrimination." Beall v. Abbott Labs., 130 F.3d 614, 619 (4th Cir. 1997). In making promotional decisions, the Sheriff considers factors such as the employee's tenure, assessment center results, input from supervisors, and most importantly, the employee's discipline and disciplinary history.

In 2007, Plaintiff's disciplinary record generated doubt as to his potential reliability in a managerial position. Between 2001 and 2003, Plaintiff had several disciplinary action forms. In 2005, four separate investigations were conducted regarding Plaintiff, including an investigation about derogatory statements he allegedly made about a shooting by another deputy, improper use of his cruiser, tardiness, and absenteeism from Spanish classes for which the County had paid. Plaintiff received two letters of warning in 2005 for improperly using the cruiser and his absenteeism. Based on Plaintiff's disciplinary record, the Sheriff issued a Proposal for Demotion to Plaintiff in September 2005, but ultimately reduced it to a three day suspension after speaking with Plaintiff. Sheriff Simpson swore

in his affidavit that he considered Plaintiff's disciplinary history in deciding whether to promote him and did not consider Plaintiff's race, national origin, or age. Additionally, the Sheriff deemed the eight individuals who were promoted ahead of Plaintiff as more qualified because they either had no disciplinary history or a remote instance of discipline, whereas Plaintiff had a more recent history of tardiness and discipline. See Carter v. Ball, 33 F.3d 450, 458 (4th Cir. 1994). A comparison between Plaintiff and the eight Caucasian deputies promoted reveals that only one of the eight promoted had any disciplinary record at all, and that one deputy had only ever received one letter of reprimand more than two years prior to his promotion.

While Plaintiff may claim that Sheriff Simpson's articulated reason for waiting to promote him is a mere pretext, Plaintiff has not introduced sufficient evidence that Sheriff Simpson's stated nondiscriminatory reason is pretextual. Evidence that may be relevant to a showing of pretext includes facts regarding how the employer treated the employee during the prior term of employment, employer's response to employee's civil rights activities, and employer's general policy and practice regarding minority employment. McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 804-05 (1973). Prior to filing his

Charge in 2008, Plaintiff had received a promotion with a corresponding salary increase and he had received two transfers pursuant to his own requests. He also received a promotion to sergeant in November 2010, subsequent to filing his Charge. In regard to the Defendant's policy and practice regarding minority employment, the evidence shows that Sheriff Simpson twice sent Plaintiff to the National Organization of Black Law Enforcement Executives conferences and that the number of African-Americans in supervisory positions at the Loudoun County Sheriff's Office exceeds the percentage of all sworn African-American personnel. The treatment of Plaintiff and policy regarding minority employment weigh against a finding of pretext.

When the person who allegedly discriminated against an employee is the same person who hired the employee, there is also a strong presumption that discrimination did not motivate the employer's actions. Proud v. Stone, 945 F.2d 796, 798 (4th Cir. 1991); see also Evans, 80 F.3d at 958 ("[B]ecause Houseman is the same person who hired [plaintiff], there is a 'powerful inference' that the failure to promote her was not motivated by discriminatory animus."). Sheriff Simpson hired Plaintiff, awarded him a promotion, and was the same individual who chose not to promote Plaintiff to sergeant until 2010. Under the "same actor" inference recognized by the Fourth Circuit, there

11

is a strong presumption that Sheriff Simpson would not hire somebody in Plaintiff's protected class only to discriminate against him at a later date by choosing not to promote him. Summary judgment will therefore be granted on Defendant's Motion.

An appropriate Order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
September 6, 2011